STATE

v.

Francis PAQUETTE.

No. 94–166–C.A.

Supreme Court of Rhode Island.

Dec. 22, 1994.

Aaron Weisman, Jane McSoley, Providence.

Paul J. DiMaio, Providence.

ORDER

This case came before the Supreme Court for oral argument on December 15, 1994, pursuant to an order that directed the state and Francis Paquette (defendant) to show cause why the issues raised in the defendant's appeal should not be summarily decided. The defendant has appealed from a judgment of conviction entered after a jury found him guilty of breaking and entering. He was sentenced to serve one year of an eight year sentence, seven years suspended with probation and restitution was ordered in the amount of $600.00.

After reviewing the memoranda submitted by the parties and after considering the arguments of counsel, we are of the opinion that cause has not been shown, and the appeal will be summarily decided.

The defendant raised two issues on appeal. First, he argued that the trial justice abused his discretion by refusing to allow rehabilitation of his witnesses by his trial counsel after cross-examination. The defendant contended that the trial justice erroneously ruled that rehabilitation of defendant's witnesses was irrelevant and immaterial.

The standard for our review of a trial justice's ruling on the scope of the examination of a witness is whether the trial justice has abused his or her discretion, *State v. Brisson*, 619 A.2d 1099, 1104 (R.I.1993). Our review of the record does not reveal any abuse of discretion by the trial justice in limiting the extent and scope of the redirect examination of defendant's witness.

Second, defendant contended that the trial justice erred in denying his motion for a new trial. The trial justice may grant a new trial if, relying on an independent assessment of the weight and credibility of the evidence, the trial justice determines that the verdict is against the preponderance of the evidence. *State v. Henshaw*, 557 A.2d 1204, 1207–08 (R.I.1989). If, however, the trial justice agrees with the verdict or determines that reasonable minds could come to different conclusions, then the motion for a new trial must be denied. *State v. Dame*, 560 A.2d 330, 333 (R.I.1989). This court will not dis-

turb a trial justice's denial of a motion for a new trial "unless the trial justice overlooked or misconceived material evidence relating to a critical issue or· was otherwise clearly wrong." *State v. Caruolo,* 524 A.2d 575, 585 (R.I.1987).

Although the defendant was not actually observed entering the home, he was convicted of breaking and entering. We are of the opinion that sufficient circumstantial evidence existed to support defendant's conviction.

Therefore, we deny and dismiss the appeal and affirm the judgment of the Superior Court to which we remand the papers in the case.